UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN JOHNSON,
        Petitioner,

v.                                             Case No. 06-C-1180

ROBERT HUMPHREYS,
        Respondent.

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 2241[1], petitioner Stephen Johnson seeks a writ of habeas corpus arguing that the State of Wisconsin unlawfully held him past his release date. Petitioner asserts that, based on a parole hold, he was in custody in the Cook County jail from July 21, 2004 until April 26, 2005 for a total of 281 days. On June 16, 2006, the Wisconsin Department of Administration, Division of Hearing and Appeals sentenced the petitioner to 396 days in custody of the respondent. Petitioner asserts that although this custody was in the course of conduct of the sentence later imposed on petitioner, petitioner was not credited for his prior service of 281 days. He asserts that he is entitled to immediate release from custody and entitled to credit for the 281 days.[2]

---

[1] Although petitioner brought his claims pursuant to 28 U.S.C. § 2242, such provision is not a proper provision under which to bring a petition. Petitioner's claims are proper under § 2241 as it appears that he is challenging an error in the execution of his sentence, and such error did not occur during the underlying criminal proceeding. Davis v. Fechtel, 150 F.3d 486, 490 (5th Cir.1998).

[2] Although petitioner indicates that he has now been released on parole, such release does not necessarily moot his habeas petition. See Puchner v. Kruziki, 111 F.3d 541, 543 (7th Cir. 1997) (noting that "the mootness inquiry turns . . . on whether sufficient collateral consequences of the conviction persist to give the petitioner "a substantial stake in the judgment of conviction which survives the satisfaction of the sentences imposed on

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

A claim "seeking immediate or speedier release from . . . confinement [is the] heart of habeas corpus." Preiser v. Rodriguez, 11 U.S. 475, 498 (1973). To state a cognizable claim under the Fourteenth Amendment, petitioner must provide evidence that he has a legitimate expectancy to this right. Wolff v. McDonnell, 418 U.S. 539 (1974). The Seventh Circuit has indicated that a petitioner may challenge a custody credit determination under certain circumstances. Anderson v. Benik , 471 F.3d 811, 815 (7th Cir. 2006)

Therefore, it appears as if petitioner has stated at least cognizable constitutional claims.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of

---

him").

2

respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of

3

Case 2:06-cv-01180-LA   Filed 04/09/07   Page 3 of 4   Document 6

respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of

the petition and this order will be mailed to respondents and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 6 day of April, 2007.

/s_____
LYNN ADELMAN
District Judge

4