# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**STEVEN JOHNSON,**
    **Petitioner,**

  v.                Case No. 06C1180

**ROBERT HUMPHREYS,**
    **Respondent.**

---

## ORDER

  Petitioner Steven Johnson filed a petition on November 14, 2006, seeking a writ of habeas corpus. On June 5, 2007, respondent filed a motion for summary judgment. By letter dated June 27, 2007, respondent notified this court that an attempt to serve the motion upon petitioner by mail was returned as undeliverable. Subsequently, I issued an order dated July 24, 2007, informing petitioner that he had until August 24, 2007 to provide current contact information to the court or risk dismissal of his petition without prejudice pursuant to Civil Local Rule 41.3 (E.D. Wis.). My order was twice returned as undeliverable when mailed to petitioner.[1] Petitioner has not had contact with this court since January 10, 2007.

  Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. It is well settled that "the ultimate sanction of dismissal should be involved only in extreme situations, where there is a clear

---

[1] Although petitioner's last change of address notice indicated a 53204 zip code, the address listed is in the 53206 zip code. The order advising petitioner that he must provide updated contact information or risk dismissal was mailed to petitioner's address of record using the proper 53206 zip code.

record of delay or contumacious conduct." Rice v. City of Chi., 333 F.3d 780, 785-86 (7th Cir. 2003) (internal citations omitted); see also Bolt v. Loy, 227 F.3d 854, 856 (7th Cir. 2000) (a plaintiff's failure to respond that delays the litigation can be a basis for a dismissal for lack of prosecution). However, no case should be dismissed for failure to prosecute without a warning to the plaintiff, either explicitly or by making clear that no further extensions of time will be granted. Bolt, 227 F.3d at 856 (citing Williams v. Chi. Bd. of Educ., 155 F.3d 853 (7th Cir. 1998)). Moreover, there is no requirement for district courts to impose graduated sanctions. Rice, 333 F.3d at 785 (citing Ball v. City of Chi., 2 F.3d 752, 756 (7th Cir. 1993)).

Civil Local Rule 41.3 (E.D.Wis.), which governs dismissal for "lack of diligence," provides, "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action the Court may enter an order of dismissal with or without prejudice. Any party can petition for reinstatement of the action within 20 days."

Based on a review of the record and upon consideration of the applicable law, I conclude that this action should be dismissed for failure to prosecute. While petitioner has not exhibited disregard for court orders, as all orders have been returned undeliverable, he has not acted with diligence in apprising the court of any changes in residence. This absence of information has precluded respondent from serving the motion for summary judgment upon petitioner and has delayed a decision on that motion. I have attempted to give petitioner warning that his case is subject to dismissal. As petitioner has failed to keep this court informed as to his contact information, indicating a lack of interest in prosecuting this action, I believe that dismissal is now the appropriate course of action to take in this case.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice pursuant to Civil Local Rule 41.3 (E.D.Wis.).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment dismissing this action.

Dated at Milwaukee, Wisconsin this 1 day of November, 2007.

/s
LYNN ADELMAN
District Judge